
ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN - 7 2005

CLERK, U.S. DISTRICT COURT
By _____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

CONNIE SHAW,                               §
                                           §
        Plaintiff                          §
                                           §
v.                                         §      Civil Action No. 7-05CV-107-R
                                           §
ENERGY EDUCATION, INC., JAMES              §
MALONEY and CYNDY HAJOVSKY,                §
                                           §
        Defendants                         §

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff, Connie Shaw, complains of Defendants, Energy Education, Inc., James Maloney

and Cyndy Hajovsky, as follows:

### Preliminary Statement

1.      This is an Equal Pay Act and defamation case arising from events in the workplace.

Defendant Energy Education, Inc. violated the Equal Pay Act, 29 U.S.C. § 206(d), and all defendants

published defamatory statements about her.

### Parties

2.      Plaintiff Connie Shaw ("Shaw"), is an individual who resides in Wichita County,

Texas.

3.      Defendant Energy Education, Inc. ("EEI"), is a Texas corporation with its principal

office in Wichita Falls, Wichita County, Texas.

4.      Defendant James Maloney ("Maloney") is an individual who resides in Wichita

County, Texas.  Maloney is now, and was at all relevant times, President of EEI.



5.      Defendant Cyndy Hajovsky ("Hajovsky") is an individual who resides in Wichita County, Texas.

## Jurisdiction and Venue

6.      This Court has subject matter jurisdiction because Shaw's Equal Pay Act claim presents a federal question under 28 U.S.C. § 1331.

7.      This Court also has supplemental jurisdiction of Shaw's claims arising under Texas law under 28 U.S.C. § 1367.

8.      This Court has in personam jurisdiction over all defendants in this judicial district and division because of defendants' residence and continuous and systematic contacts there.

9.      Venue is proper in this district and division in accordance with 28 U.S.C. § 1391.

## Facts

10.     EEI is an energy management consulting firm.  For 18 years EEI has assisted public school districts in addressing their funding needs through energy management and conservation. EEI's programs and strategies help schools redirect unnecessary energy expenditures into educational resources.

11.     EEI has employed Shaw at all relevant times and she currently is the company's Vice President of Operations.  Shaw began her employment with EEI in September 2000.

12.     EEI promoted Shaw to Vice President of Operations in April 2004 through her diligent efforts and exemplary performance.  Upon her promotion she received a salary of $45,000 per annum.

13.     Roger Devilbis ("Devilbis"), a male, was Shaw's immediate predecessor as EEI's Vice President of Operations.  When Devilbis commenced work as Vice President of Operations in

June 2003, he received a salary of $100,000 per annum.

14.     Stan Coker ("Coker"), a male, was Devilbis' immediate predecessor as EEI's Vice President of Operations. Coker received an annual salary of $120,000 at the time he resigned his employment with EEI in March 2003.

15.     At all relevant times EEI's Vice President of Operations had overall responsibility for implementation of the company's energy programs in school district clients, and oversaw EEI's selection of energy managers in various school districts. Shaw, Devilbis and Coker performed the same job duties, had the same responsibilities, applied the same skills, and worked in the same office under the same conditions while each was EEI's Vice President of Operations. Yet each male employee received substantially more compensation than Shaw received.

16.     Shaw has sustained substantial financial losses and she will sustain substantial future losses as a direct result of EEI's gender-based compensation practices.

17.     Shaw is now, and was at all relevant times, married to Brent Shaw.

18.     At all relevant times Dwayne McKee ("McKee") was EEI's Executive Vice President of Operations and General Manager. McKee is now, and was at all relevant times, married.

19.     McKee was Shaw's immediate superior in 2004. McKee and Shaw were friends and they had a good working relationship to EEI's benefit.

20.     At all relevant times EEI employed Hajovsky as an Administrative Assistant to McKee. Hajovsky has made several false statements to other employees that Shaw and McKee were involved in a sexual relationship. Hajovsky repeated the false allegation that Shaw and McKee were having an adulterous affair to other employees many times over a period of several months in mid to late 2004.

**Plaintiff's Original Complaint and Jury Demand – Page 3**

21.     Maloney also made false statements to employees that Shaw and McKee were involved in a sexual relationship on a number of occasions in late 2004.  On those occasions Maloney was acting in his official capacity as President of EEI.

22.     Shaw and McKee have never had an affair and they never engaged in any physically or emotionally intimate conduct with one another.  The allegations that Maloney and Hajovsky published were wholly without any justification or basis in fact.  Both Maloney and Hajovsky were motivated by ill will or malice toward Shaw or McKee.

23.     Shaw has resided in Wichita Falls, Texas for many years and she has worked at EEI since September 2000.  Shaw enjoyed a reputation for integrity, honesty, virtue, morality and industry prior to the publication of the false statements by Maloney and Hajovsky. These defendants' false accusations have impugned Shaw's character, severely injured her reputation for integrity, honesty, virtue and morality.

24.     As a direct result of Maloney's false accusations, EEI has demoted Shaw, in effect, by taking away a substantial amount of her most important duties and responsibilities as Vice President of Operations.

25.     Hajovsky's misconduct inflicted severe emotional distress on Shaw because she was concerned about the effect that these false accusations would have on her relationship with her spouse.

## Count One – Equal Pay Act

26.     Shaw re-alleges and incorporates the allegations set forth in paragraphs 10 through 25 as if those allegations were fully stated herein.

27.     This count is asserted against Defendant EEI.

28.     EEI paid Shaw unequal compensation based on her gender in comparison to her male counterparts in the position of Vice President of Operations. This compensation practice violated 29 U.S.C. § 206(d)(1) and 29 U.S.C. § 215(a)(2).

29.     Shaw is entitled to recover back pay and liquidated damages in accordance with 29 U.S.C. § 216(b).

30.     Shaw is entitled to an award of attorney fees and costs in this action in accordance with 29 U.S.C. §216(b).

### Count Two – Defamation

31.     Shaw re-alleges and incorporates the allegations set forth in paragraphs 10 through 25 as if those allegations were fully stated herein.

32.     This count is asserted against all defendants.

33.     The allegations by Defendants Maloney and Hajovsky that Shaw engaged in an adulterous affair were false.

34.     Defendants' false statements about Shaw were published to numerous third persons without legal excuse. These written and oral statements injured her in her profession, occupation or employment, thereby exposing her to contempt and ridicule, and impeaching her honesty, integrity, virtue or reputation. Accordingly, defendants' false statements that Shaw engaged in sexual misconduct were defamatory per se.

35.     Maloney was a vice principal of EEI at all relevant times. Therefore, his defamatory conduct is imputed to EEI under Texas law. Alternatively, EEI ratified the defamations committed by the individual defendants.

36.     As a direct and proximate result of defendants' defamations, Shaw has suffered severe emotional distress and humiliation, her professional reputation has been irreparably harmed, and her

Plaintiff's Original Complaint and Jury Demand – Page 5

career has been harmed irrevocably. Accordingly, Shaw sues to recover all general and special damages that have resulted, or will result, from defendants' defamatory publications.

37.    At the time Maloney and Hajovsky made the allegations of sexual misconduct they knew they were false or, alternatively, they acted with conscious indifference to the rights, safety or welfare of Shaw with actual subjective awareness that their conduct involved an extreme risk of harm to Shaw. Therefore, defendants acted with malice or gross negligence in making such outrageous statements about Shaw. Accordingly, Shaw is entitled to an award of punitive damages against defendants in accordance with Texas law.

## Prayer

Plaintiff Connie Shaw requests that all defendants be cited to appear and answer, and that on final trial Shaw have and recover judgment for the following:

1.  An award of her actual damages against Defendant Energy Education, Inc. as set forth in Count One;

2.  An award of liquidated damages against Defendant Energy Education, Inc. as set forth in Count One;

3.  An award of general and special damages against all defendants, jointly and severally, as set forth in Count Two;

4.  An award of exemplary damages against each defendant as set forth in Count Two;

5.  An award of attorney fees against Defendant Energy Education, Inc.;

6.  Prejudgment and post-judgment interest at the maximum rates allowed by law;

7.  Costs of suit; and

8.  Such other and further relief, at law or in equity, to which Shaw may be justly entitled.

## JURY DEMAND

Plaintiff Connie Shaw hereby demands a jury trial on all ultimate fact issues in accordance with federal law.

**Plaintiff's Original Complaint and Jury Demand – Page 6**

Dated June 7, 2005.

                                    Respectfully submitted,

                                    Rod Tanner [Attorney-in-Charge]
                                    State Bar No. 19637500
                                    **Christopher A. Troutt**
                                    State Bar No. 20244100
                                    **Rod Tanner and Associates, P.C.**
                                    6000 Western Place, Suite 100
                                    Fort Worth, Texas 76107-4694
                                    (817) 377-8833 (telephone)
                                    (817) 377-1136 (telefax)